STATE OF MINNESOTA

IN SUPREME COURT

A12-1978
A12-2015

Lawrence Leiendecker, et al.,

Respondents,

vs.

Asian Women United of Minnesota, et al.,

Appellants (A12-1978),

Greenstein, Mabley & Wall, L.L.C., et al.,

Respondents,

Ruvelson & Kautzer, Ltd., et al.,

Respondents,

Maria Gloria Fressia, et al.,

Appellants (A12-2015),

Susan L. Triplett,

Respondent.

ORDER

On June 25, 2014, the court issued its opinion in this case. Thereafter, the parties

have filed several petitions and motions.

1

Respondents Lawrence Leiendecker, et al. filed a timely petition for rehearing. Appellants Asian Women United of Minnesota, et al., and Maria Gloria Fressia, et al., filed a joint response, opposing the petition. After consideration of the parties' arguments, the petition will be granted in part, to correct the order for remand, and otherwise denied.

Appellants Asian Women United of Minnesota, et al., and Maria Gloria Fressia, et al., filed a joint motion for attorney fees on appeal pursuant to Minn. Stat. § 554.04, subd. 1 (2012), and Minn. R. Civ. App. P. 127 and 139.06, subd. 1. Respondents opposed the motion.

Minnesota Statutes section 554.04, subdivision 1, provides: "The court shall award a moving party who prevails in a motion under this chapter reasonable attorney fees and costs associated with the bringing of the motion." Although appellants were successful in reversing the decision of the court of appeals, they have not, to this point, "prevail[ed] in a motion under" chapter 554.

Appellants Asian Women United of Minnesota, et al., and Maria Gloria Fressia, et al., each filed a notice, statement, and claim of costs and disbursements in connection with the appeal in this court. Respondents objected to the taxation of costs and disbursements, and appellants responded.

A prevailing party "shall recover" costs in the amount of $300 "upon a judgment on the merits." Minn. R. Civ. App. P. 139.01. An appellant generally prevails if "a reversal or modification of the order or judgment from which the appeal is taken" is obtained. *Vill. of Blaine v. Indep. Sch. Dist. No. 12*, 265 Minn. 9, 24, 121 N.W.2d 183, 194 (1963). By

2

contrast, a respondent prevails if it "secures affirmance without modification." *Id.* Because this appeal will be remanded to the court of appeals, the appeal is not yet complete, and consequently there is no judgment on the merits. Judgment costs therefore cannot be taxed.

Appellants' disbursements, however, are reasonable, with the exception of the filing fee claimed by Maria Gloria Fressia, et al. Taxation of disbursements will therefore be granted in part.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The petition of Lawrence Leiendecker, et al. for rehearing in the above-entitled matter be, and the same is, granted in part to modify section III, page 17 of the slip opinion filed on June 25, 2014 to read as follows:

> For the foregoing reasons, we reverse the decision of the court of appeals and remand this case to the court of appeals for further proceedings consistent with this opinion.

> Reversed and remanded.

Said section III previously read as follows:

> For the foregoing reasons, we reverse the decision of the court of appeals and remand this case to the district court for further proceedings consistent with this opinion.

> Reversed and remanded.

3

The attached slip opinion, amended as stated above, shall be substituted for the opinion filed June 25, 2014.[1] The petition of Lawrence Leiendecker, et al. for rehearing in the above-entitled matter shall be, and the same is, in all other respects denied.

2. The motion of appellants Asian Women United of Minnesota, et al., and Maria Gloria Fressia, et al., for attorney fees pursuant to Minn. Stat. § 544.04, subd. 1, be, and the same is, denied without prejudice to appellants' right to renew that motion at a later time in the district court, when and if they prevail on a motion under chapter 554. Notwithstanding Minn. R. Civ. App. P. 139.06, subd. 1, the district court shall have authority to set a reasonable timeframe for the filing of such renewed motion.

3. The request of appellants Asian Women United of Minnesota, et al., and Maria Gloria Fressia, et al., for taxation of costs and disbursements be, and the same is, granted in part. Asian Women United of Minnesota, et al., shall be entitled to disbursements of $1,519.21, and Maria Gloria Fressia, et al., shall be entitled to disbursements of $130. The request is in all other respects denied.

4. Judgment shall not be entered until the court of appeals has issued its decision on remand and determined whether costs and disbursements shall be allowed for the appeal before that court.

---

[1] On remand, the court of appeals shall consider the remaining issues raised by the Leiendeckers in their cross-appeal to that court.

Dated: September 3, 2014

BY THE COURT:

David R. Stras
Associate Justice


DIETZEN, J., took no part in the consideration or decision of this case.

circumstances than those presented here, and thus provides no help to the Leiendeckers in this case.

Accordingly, we conclude that the anti-SLAPP statutes require the responding party to produce evidence to defeat an anti-SLAPP motion and that, in evaluating such a motion, the district court must make a finding regarding whether the responding party has met its burden to show by clear and convincing evidence that the acts of the moving party are not immune.[3]

## III.

For the foregoing reasons, we reverse the decision of the court of appeals and remand this case to the court of appeals for further proceedings consistent with this opinion.

Reversed and remanded.

DIETZEN, J., took no part in the consideration or decision of this case.

---

[3] We deny the motion of Frank T. Mabley and his law firm, Greenstein, Mabley & Wall, L.L.C., (collectively "Mabley") to file a brief in this court and we grant the Leiendeckers' motion to strike Mabley's brief because, although Mabley represented AWUM against the Leiendeckers in several lawsuits, he is not a party to the proceedings before this court. The Leiendeckers are also entitled to any attorney fees and costs that they incurred in responding to Mabley's brief in accordance with Minn. R. Civ. App. P. 139.06 so long as they file and serve documentation to support their request within 15 days after this opinion is filed. Mabley's response, if any, to the Leiendeckers' request must be filed and served in accordance with the requirements of Minn. R. Civ. App. P. 139.06, subd. 2.